KENTONA LAND CO. v. WIRE et al.

(Supreme Court, Appellate Division, Fourth Department. December 9, 1898.)

MORTGAGE FORECLOSURE—SUBROGATION.

> The grantee of a portion of mortgaged premises, as a consideration, assumed a proportionate share of the incumbrance. The remainder of the tract was then conveyed, the grantee as a consideration therefor assuming a stated portion of the incumbrance. On foreclosure of the mortgage, both grantees being parties to the proceedings, the sale was in the inverse order of alienation; and, the proceeds of the last conveyed parcel being sufficient to satisfy the mortgage, that was the only one sold. *Held,* that in the absence of fraud or mistake, and while the foreclosure decree remains in full force and effect, the last grantee was not entitled in another suit to be subrogated to the mortgage to the extent of the part not assumed by him.

Appeal from special term.

Action by the Kentona Land Company against Warren Wire and others. There was a decree for plaintiff, and defendants appeal. Reversed.

The plaintiff's complaint asks to have an assignment of a mortgage and the judgment of foreclosure entered thereon. On the 28th of January, 1893, Daniel F. Callahan took a conveyance of the 24 acres of land mentioned in the complaint, which was subject to a mortgage of $10,000, executed on the 8th day of April, 1892, by Louis F. W. Arend to Warren Wire. There was a default in the payment of the interest on this mortgage, and Warren Wire, the holder thereof, elected to declare the whole mortgage due, and commenced

an action on or about the 12th day of June, 1896, in the county court of Erie county, to foreclose the same, and made the plaintiff herein and the appellants parties defendant to that action, which resulted in the usual judgment of foreclosure, and the appointment of a referee to make a sale of the 24 acres, the premises described in the mortgage. After the sale had under the decree of foreclosure, the referee, having received bids amounting to $11,334, made a report of sale, which was filed before the commencement of this action. The bids at the sale were sufficient to satisfy the mortgage held by Wire and the costs of the action. At the time of the sale, the plaintiff herein, the Kentona Land Company, requested that the referee sell the south half of the premises; and, upon that being refused, requested that the referee sell the whole premises. Instead of complying with the request made by the Kentona Land Company, the referee followed the statute, and sold in the inverse order of alienation, by exposing the north half of the premises first, to which north half the Kentona Land Company had succeeded in the title. Before this sale, Callahan had conveyed the south half of the premises, by deed dated December 1, 1893, to the appellants; and, subsequent to his conveyance to them, he conveyed the north half to the Kentona Land Company, by deed dated December 30, 1895. In the deed of Callahan to the appellants was recited the following: "This conveyance is made subject to two certain mortgages and interest thereon now liens on said premises, and more,—one bearing date January 28th, 1893, and recorded in Erie county clerk's office, in Liber 652 of Mortgages, at page 454, executed and delivered by the said Daniel F. Callahan to Arthur J. Hughes and James L. Knox, for the purpose of securing the sum of nine thousand seven hundred thirty-one and $35/100 ($9,731.35) dollars, and on which there now remains unpaid the sum of eight thousand nine hundred fifty-six and $26/100 ($8,956.26) dollars, and interest thereon from December 1st, 1893; the other bearing date April 8, 1892, executed and delivered by Louis F. W. Arend to Warren Wire, for the purpose of securing the sum of ten thousand ($10,000) dollars, and recorded in Erie county clerk's office, in Liber 616 of Mortgages, at page 126,—which said first described mortgage, and interest thereon from December 1st, 1893, and said second described mortgage, to the amount of three thousand three hundred ninety and $94/100 ($3,390.94) dollars only of principal, and interest on the same from December 1st, 1893, together with all taxes and assessments, of every description, which have become a lien or liens on said premises since December 1st, 1893, each of the said parties of the second part hereto, in proportion to their respective interest hereby conveyed to them or him in the above-described premises, hereby assumes and agrees to pay." In the deed of conveyance from Callahan to the Kentona Land Company was recited the following: "This conveyance is made subject to a certain mortgage and interest thereon, now a lien on said premises, bearing date April 8th, 1892, given by Louis F. W. Arend to Warren Wire to secure the sum of $10,000, and recorded in Erie county clerk's office, in Liber 616 of Mortgages, at page 126, which said mortgage to the amount of six thousand six hundred nine and $6/100 ($6,609.06) dollars only of principal, and all taxes and assessments remaining unpaid, the said party of the second part hereto hereby assumes and agrees to pay, as a part consideration for this transfer." After the appellants became purchasers of the north half of the premises by the referee's deed, made on the 1st day of March, 1897, and acknowledged on March 17, 1897, they executed a mortgage for $10,000 to Warren Wire, which mortgage was put on record on the 22d day of March, 1897, at 11:43 o'clock a. m. This action was commenced on the 22d day of March, 1897, and the lis pendens was filed in Erie county clerk's office at 1:08 o'clock p. m., on that day. Plaintiff seeks to revive the mortgage of the 8th of April, 1892, and the judgment entered thereon, and to have an assignment of it for the purpose of collecting out of the south half of the premises the sum of $3,390.94. It appears by the evidence that, when the plaintiff became the purchaser of the north half, it undertook and assumed to pay $6,609.06 on the mortgage, for $10,000, dated the 8th of April, 1892, and that it had failed to make such payment, and failed to keep up the interest at the time of the commencement of the action to foreclose the mortgage which in part it had undertaken to pay.

As conclusions of law, the court found: "(1) That there remains due and

unpaid the sum of $3,390.94 of said mortgage, given by said Louis F. W. Arend to said Warren Wire, to secure the payment of the sum of $10,000, and on the judgment entered in the action brought by said Warren Wire for the foreclosure of the same, and said mortgage and judgment to the amount of said sum of $3,390.94 remains unsatisfied, and a lien for that amount and interest thereon from March 1, 1897," upon the south half of the premises covered by the mortgage of April 8, 1892, for $10,000. The court also found, viz.: "(2) That the lien of said mortgage from said Arend to said Wire, and the judgment thereupon on said premises, described in conclusion of law number one, is prior and superior to the lien of the mortgage given by Mayer Eiseman, Samuel Eiseman, Moses L. Eiseman, and James Bell to said Warren Wire, to secure the payment of $10,000." The court also found, viz.: "(3) That the plaintiff herein, the Kentona Land Company, on the 1st day of March, 1897, paid to said Warren Wire, for said mortgage and judgment, the amount remaining unpaid thereon, to wit, the sum of $3,390.94, by the sale of its premises under said judgment, for which the premises hereinbefore described, in the first conclusion of law herein, were primarily liable." The court also found, viz.: "(5) That the plaintiff herein, the Kentona Land Company, is entitled to be subrogated to said mortgage from Arend to Wire, and the said judgment of foreclosure thereupon entered in the Erie county clerk's office January 13, 1897, and to a formal assignment of said mortgage and judgment from said defendant Warren Wire; and that said plaintiff is entitled to enforce said lien of judgment against said premises, described in the first conclusion of law herein, by the sale thereof under said judgment, or so much thereof as may be necessary to pay the plaintiff the sum of $3,390.94, and interest thereon from March 1, 1897, besides the costs and disbursements of said sale and of this action." Upon the close of the plaintiff's evidence, the appellants moved to dismiss the plaintiff's complaint, which motion was denied, and an exception taken. At the close of the whole evidence, the motion was renewed and denied, and exception taken.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

Sondheim & Sondheim, for appellants.
George H. Frost, for respondent.

HARDIN, P. J. Plaintiff's complaint does not allege any fraud or fraudulent acts in the prosecution of the judgment of foreclosure of the mortgage given by Arend to Warren Wire, dated April 8, 1892. Nor does the evidence of the plaintiff show any fraud or mistake in the proceedings to foreclose the mortgage held by Wire. The Kentona Land Company was a party defendant in the foreclosure action, and is bound by the judgment entered in that action, which remains in full force and vigor; and the referee's report of sale was filed and remained in full force at the time of the commencement of this action. The plaintiff, the Kentona Land Company, had, in the deed which it received of the north half of the premises, undertaken to pay $6,609.06 upon the $10,000 mortgage, which was foreclosed, which undertaking the plaintiff wholly failed to comply with. In the absence of any allegations of fraud or mistake in the foreclosure proceedings had to enforce the mortgage given by Arend to Warren Wire for $10,000, dated April 8, 1892, it is not perceived that the plaintiff, being a party to that action, is entitled to overhaul the judgment and the proceedings which have been completed in the foreclosure action, and which resulted in securing to the holder of that mortgage the full amount due thereon, thus causing a satisfaction and discharge of the mort-

gage and judgment entered thereon. The referee who made the sale in the foreclosure action followed the provisions of the statute which provided for sale in the inverse order of alienation. It is not necessary to determine in this action what rights the plaintiff herein might have had by reason of its relation to the mortgaged property, if they had been asserted in the foreclosure action, as they might have been pursuant to section 521 of the Code of Civil Procedure. Nor is it necessary to determine what relief it might have been entitled to had it appeared and filed exceptions to the referee's report of sale within the time prescribed by law, asserting its supposed equity. While the judgment of the county court and the proceedings in that action remain in full force, the plaintiff is not entitled to the relief awarded to it by the judgment in this action.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.